BANK OF RECTOR *v.* PARRISH.

Opinion delivered November 12, 1917.

1. INSANE PERSONS—APPOINTMENT OF GUARDIAN.—Before he can enter upon his duties as such, the guardian of an insane person must be appointed by the court, and the guardian must execute a a bond as required by the statute.

2. INSANE PERSONS—APPOINTMENT OF GUARDIAN WITHOUT BOND—VOID ORDER.—An order of the probate court authorizing a person to take charge of the property of an insane person, as guardian, without bond, is without authority and void on its face, and is subject to collateral attack, and a deed of trust executed by said guardian is void.

3. INSANE PERSONS—ESTATE OF—USE FOR MAINTENANCE.—The estate of an insane person may be subjected to the payment of actual and necessary expenses for his support and maintenance.

Appeal from Clay Chancery Court, Eastern District; *Chas. D. Frierson,* Chancellor; affirmed.

*W. E. Spence* and *Block & Kirsch,* for appellants.

1. A mortgagee who lends money on the faith of a record title, without actual or constructive notice of outstanding equities, is an innocent purchaser and will be protected. 54 Ark. 273; 31 *Id.* 85; 71 *Id.* 31.

The judgment of the probate court adjudging G. B. Holifield insane was valid and not subject to collateral

attack. Const. Ark., Art. 7, § 34; 11 Ark. 519; 54 *Id.* 480; 70 *Id.* 88; 84 *Id.* 32; 86 *Id.* 131; 66 *Id.* 416.

2. W. S. Holifield was the duly constituted guardian of his father G. B. The execution of a bond and filing an inventory were mere matters of error, to be corrected on appeal, but not subject to collateral attack. 118 U. S. 194; 35 N. W. 80; 13 *Id.* 705; 58 *Id.* 522; 24 Kan. 204; 79 Am. Dec. 62; 59 Ala. 158; 37 Am. Dec. 299; 10 N. E. 675; 33 Pac. 242. Failure to give bond is a mere irregularity. Kirby's Digest, § § 4005-9.

3. The execution of the trust deed was properly authorized. Kirby's Digest, § § 4019-20.

4. A purchaser from a trustee is not bound to see to the application of the purchase money, except where there is a breach of trust and the purchaser has notice or knowledge of the trustee's violation of duty. 1 White & Tudor Lead. Cas. in Equity, 109 and note; Story, Eq. Jur., § 1131-A; 44 Ark. 61; 46 *Id.* 109. W. S. Holifield did not misappropriate the funds.

The lunacy of a partner does not dissolve the partnership. Am. & Eng. Ann. Cas. 1913, D. 1148; Burdick on Partnership 349; 21 N. E. 566. $1,750 was paid on partnership debts, $350 to the guardian and $400 for the maintenance of the insane. There was no misappropriation of funds. As to the $400, the decree should be affirmed; as to the $2,100, it should be reversed and a foreclosure ordered.

*Huddleston, Fuhr & Futrell,* for appellees.

1. The mortgage was properly canceled. W. S. Holifield was not the duly constituted guardian and was without power to execute the deed of trust. The judgment of the probate court was a nullity. It can be attacked collaterally. The appointment must be valid and a bond given. This is jurisdictional. Kirby's Digest, § 4009; 32 Ark. 97; 68 Fed. 43; 45 Atl. 305.

2. Probate courts have no jurisdiction at common law and beyond the limits given by statute have none now and such judgments and acts are void. 32 Ark. 97; 33 *Id.* 428; 47 *Id.* 428; 74 *Id.* 81; 106 *Id.* 106.

3.   It was error to declare a lien even for the $400. The lands belonged to appellees and the guardian had no authority to mortgage.  3 Pom. Eq. Jur., § 1234; Bispham Eq., § 351.

HUMPHREYS, J.   Appellees brought suit against appellants in the Clay Chancery Court for the restoration of an alleged lost deed to the following described lands, Clay County, Arkansas, towit:   The N. E. 1-4 of Sec. 25, and the S. 1-2 of the S. W. 1-4 of Sec. 24, T. 20 N. R. 6 E. executed to them in 1896 by their father, G. B. Holifield; and for the cancellation of a deed of trust covering the same lands, executed on the 25th day of February, 1909, by W. S. Holifield, guardian for G. B. Holifield, to J. C. Rogers, as trustee for the Bank of Rector, to secure an indebtedness of $2,500.   It was alleged that G. B. Holifield was without authority as guardian to execute the deed of trust aforesaid.

Appellants denied that G. B. Holifield executed a deed for said property to appellees and asserted authority in W. S. Holifield to execute the deed of trust as guardian for G. B. Holifield.

A decree was rendered vesting the title to said real estate in appellees subject to the payment of $400 expended out of the $2,500 loan for the support of G. B. Holifield and for the taxes paid by appellant bank on the lands.   The case is here on appeal for trial *de novo*.

Appellants concede that the evidence does not sufficiently preponderate against the finding of the chancellor that G. B. Holifield executed the deed in question to appellees, to justify this court in disturbing the finding. This concession renders it unnecessary to set out or discuss the evidence relating to the execution and delivery of the deed.

G. B. Holifield became insane and the probate court of Clay County appointed W. S. Holifield guardian and curator for him.   That part of the judgment pertinent to the inquiry here is as follows:

"The court appoints W. S. Holifield the guardian and curator of the person and estate of the said G. B.

Holifield, without bond, and he will not be required to inventory said estate or to do any other act in said capacity of guardian except to keep an account and pay the legal demands of his said ward for one year, unless otherwise directed by an order of this court.''

Under this appointment and by virtue of subsequent orders obtained from the probate court, W. S. Holifield, as guardian for G. B. Holifield, borrowed $2,500 from appellant bank and executed the deed of trust in question to secure said indebtedness. $400 of the amount so borrowed was used by W. S. Holifield in maintaining and supporting G. B. Holifield in a private sanitarium in the State of Kansas, where he was sent for treatment. It is in dispute as to whether the balance was expended in the payment of G. B. Holifield's or W. S. Holifield's indebtedness.

At the time the Bank of Rector took the deed of trust in question to secure the loan of $2,500, it had no knowledge that G. B. Holifield had executed a deed for said lands to appellees. It made the loan after having the title examined by a competent attorney.

W. S. Holifield entered upon and attempted to perform his duties as guardian and curator without bond.

The proceeding here amounts to a collateral attack upon the order appointing W. S. Holifield as guardian and curator of G. B. Holifield. If the order is void, it is subject to collateral attack.

Section 4009 of Kirby's Digest, provides: ''Every such guardian shall, before entering on the duties assigned him, enter into bond to the State of Arkansas, in such sum and with such securities as the court shall approve, ·conditioned that he will take due and proper care of such insane person, and manage and administer his effects to the best advantage, according to law, and will faithfully do and perform all such other acts, matters and things touching his guardianship as may be prescribed by law or enjoined on him by the order, sentence or decree of any court of competent jurisdiction.''

(1)    Statutes not materially different from Section 4009 of Kirby's Digest, were under consideration in the case of *Guynn et al.* v. *McCauley,* 32 Ark. 97.    Mr. Chief Justice English in rendering the opinion in that case, on page 104, said:    ''The probate court had no jurisdiction to grant the father an order to sell the lots of his minor children, until he was duly appointed their guardian.    The first step in the actual jurisdiction of the court over the estate of the minors was the appointment of their guardian.    The appointment was not complete until the applicant entered into bond.    The statute declares that no entry of the appointment of a guardian shall be made until bond and security be given, etc.''    In the statutes under consideration in that case, two initial jurisdictional acts were necessary—the appointment by the court and the execution of a bond.    So, likewise, under chapter 83 of Kirby's Digest, the court must appoint and the guardian must execute bond before he can enter upon his duties.    The same reasons for safeguarding property of minors exist with reference to safeguarding property of insane persons.

The initial order in the instant case authorizing W. S. Holifield to take charge of the property of G. B. Holifield as guardian without bond is without authority in law and void on its face and subject to collateral attack.

(2)    It follows that the probate court had no authority to authorize W. S. Holifield as such guardian to sell the lands in question and that the trust deed executed by the guardian to appellant bank is void.

(3)    A cross-appeal has been prosecuted to question the correctness of that part of the decree allowing appellant bank $400 on account of money advanced for the necessary keep and care of G. B. Holifield after he became insane.    It is not insisted that this sum was expended for other than absolute necessities.    The contention is that purchase money for necessities furnished an insane person can not be recovered out of his estate unless administered through a duly appointed guardian.

The doctrine of necessity applies with the same force to insane persons as to infants. Ordinary humanity dictates that the insane should be fed and clothed and properly treated. If an insane person has an estate, there is no good reason why it should not be subjected to the payment of actual and necessary expenses for his support and maintenance. Page on Contracts, Vol. 2, 1404; *Henry, Admr.* v. *Fine*, 23 Ark. 417; *McNairy County* v. *Ellen McCoin*, 41 L. R. A. 862 (Tenn.).

The Bank of Rector advanced the money in good faith, believing that the lands belonged to G. B. Holifield. It had the title to the lands examined by a competent attorney before making the loan. It is an innocent purchaser of the lands to the extent of the amount advanced for the necessary maintenance and support of G. B. Holifield while in the Kansas sanitarium.

The decree is in all things affirmed.