[Civil No. 1736. Filed February 25, 1920.]

[187 Pac. 573.]

In the Matter of the Adoption of ROSAURA GALLEGOS, a Minor. ROSAURA BAZAN and YGNACIO BAZAN, Appellants, v. MANUELITA R. GALLEGOS, ALEJO PADILLA and BENERANDA A. PADILLA, Appellees.

1. ADOPTION—NO RIGHT TO APPOINT NEXT FRIEND WHERE AUNT OF CHILD LIVING IN STATE.—Under Civil Code of 1913, paragraphs 1186–1198, where the child to be adopted had an aunt living in the state, who, at time of filing the adoption petition, had the child in her charge and care, the court was without jurisdiction to appoint another as next friend, and the so-called next friend could not appear and give consent to the child's adoption.

2. ADOPTION—BY VOLUNTARILY APPEARING NEXT OF KIN WAIVED NOTICE CONSENT OF NEXT OF KIN NOT INDISPENSABLE.—Where aunt of child sought to be adopted voluntarily appeared and contested the adoption of the child, she waived notice of the hearing and submitted herself to the court's jurisdiction; and her consent to the adoption was not indispensable, for the court, having obtained jurisdiction of her as next of kin in the state, could, under Civil Code of 1913, paragraph 1193, decree the adoption without her consent.

3. ADOPTION—ORDER VOID WHERE PARENTS NOT SERVED WITH NOTICE.—Adoption order was void where the record showed the mother of the child was dead, but did not show that the father was dead in fact or in law, but merely that he was unknown, and he was not served by publication.

2. The question of validity of adoption without consent of natural parents is discussed in notes in 30 L. R. A. (N. S.) 146, and Ann. Cas. 1914A, 221.

4. ADOPTION—NO LAPSE OF TIME DEFEATS COURT'S RIGHT TO SET ASIDE VOID ORDERS OF ADOPTION.—The court always has power, irrespective of lapse of time, to vacate and set aside orders of adoption, void for want of notice.

APPEAL from a judgment of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Affirmed, with directions.

Mr. C. H. Jordan and Mrs. Julia M. Braam, for Appellants.

Mr. Thos. R. Greer, for Appellees.

ROSS, J.—This is an appeal from an order vacating an order of adoption. Under date of November 9, 1918, Rosaura Bazan and Ygnacio Bazan, wife and husband, residents of Navajo county, Arizona, petitioned Honorable Sidney Sapp, judge of the superior court of said county, for an order permitting them to adopt Rosaura Gallegos, a minor child nine years of age, representing in their petition, among other things:

"That the father of said child is unknown to your petitioners; that the mother of said child is dead; that there is no near relation or kin to take care of said child; that the welfare of such child will be subserved and its best interests promoted by such adoption."

On the same day the court made an order of adoption as prayed for, and recited in such order, among other things:

"That the said minor has no near relation or kin; that the father of said child is unknown; that the mother of said child is dead; that the consent of the next friend of the child, Julia M. Braam, had been filed; that said petitioners have filed an agreement

4. For authorities as to validity of adoption proceedings not made in conformity with statute, and as to grounds for vacation of decree, see notes in 12 Ann. Cas. 144, and 17 Ann. Cas. 548.

properly signed with said minor child and with the person whose consent is filed herein that said minor child shall be adopted by said petitioners and treated in all respects as their lawful child should be treated, including the right of inheritance."

November 16th the court on its own motion set aside the order of adoption made November 9, 1918, and ordered that the child be returned to its aunt, Manuelita R. Gallegos; also set the matter down for hearing.

November 20, 1918, Manuelita R. Gallegos filed a petition asking to be permitted to show why the order of adoption should be set aside, and at the same time filed her petition asking that she be permitted to adopt the child. On November 20th the Bazans in person and by attorney, Gallegos in person and by attorney, and the minor child being present in court, witnesses were sworn and testified. Whereupon the court ordered the reinstatement of the order of adoption of November 9, 1918.

January 16, 1919, Manuelita R. Gallegos and two others filed a petition asking permission to show why the order of November 9, 1918, should be set aside and revoked.

March 10, 1919, Honorable J. E. Crosby, successor to Honorable Sidney Sapp, set aside both the orders of November 9th and 20th and granted a new hearing "for the reason [as he says] that the court had acquired no jurisdiction for the making of the orders or decrees aforesaid." It is from this last order that the Bazans appeal.

The jurisdiction to order adoption is vested in the superior court. Paragraphs 1186–1198, c. 8, tit. 6, Civ. Code. But, before that power may be exerted, the facts enumerated in the statute as authorizing it should be made to appear. As we read paragraphs 1189, 1190, 1191, *supra,* if the parents of the child are living, their consent in writing to the adoption.

should be obtained, or at least such consent is contemplated. If they are dead, the child's guardian, if he have one, or, if not, the next of kin in this state, may give such written consent. If there be neither of these, the court may appoint a suitable person to act in the proceedings as next friend to give or withhold such consent. In certain contingencies the parent may be considered dead, as where he or she is insane or has been imprisoned for a term of not less than three years, or where he or she has for one year next preceding wilfully deserted or neglected to provide care and maintenance for the child, in which case or cases the court may appoint some suitable person to act as next friend to give or withhold consent as aforesaid. When the adoption is not consented to, personal service of the proceedings must be had on the parent, or, if none, on the guardian, or, if none, on the next of kin if in the state or if out of the state by publication. If there be no living parent or guardian or next of kin in the state, service by publication must be had. Until consent is obtained or personal or constructive service of the adoption proceedings is had or waived by a personal appearance, the court is without power to make any order for the disposition of the child.

We think the so-called consent of the next friend in this case cannot avail. The next friend of the child could be appointed only when there was no living parent or guardian or next of kin in the state. Although the petition alleged and the court found ''that the said minor has no near relation or kin,'' the record discloses that the aunt of the child, her mother's sister, lived in Navajo county, and at the time of filing the petition by the Bazans had the minor child in her charge and care. There was no occasion or need of a next friend because of the presence of the next of kin, the child's aunt. The ap-

pointment of the next friend was not justified under
the facts, and the so-called next friend could not ap-
pear and give consent to the child's adoption because
the aunt was present.

The aunt, by voluntarily appearing and contesting
the adoption of her niece by the Bazans, necessarily
waived the notice of the hearing provided in the stat-
ute and submitted herself to the jurisdiction of the
court. The orders of the court of November 9th and
20th were, therefore, so far as Manuelita R. Gallegos,
the aunt, was concerned, not without jurisdiction of
her or of any rights that she might claim. Her con-
sent to the adoption of the child was not indispen-
sable; for the court, having obtained jurisdiction of
her as the next of kin in the state, had the power
under the statute to decree the adoption to the
Bazans without her consent. Paragraph 1193.

Under the statute, if either of the parents be liv-
ing and not laboring under any statutory disability,
notice of the proceedings of adoption, either personal
or constructive, is indispensable, unless he waive
such notice by personal appearance. His written
consent to the adoption, however, no more than the
next of kin or the guardian, is not indispensable; the
court having the power "if satisfied that the inter-
ests of the child will be promoted by the adoption,"
to order the adoption without the consent of the
parent or guardian or next of kin or next friend.
Paragraph 1193.

The petition, the findings of the court, and the evi-
dence are all to the effect that the mother of the
child is dead. There is no allegation in the petition
that the father is dead in fact or in law. The court
does not find that the father is dead, nor was there
any evidence that he is dead. It is alleged in the
petition that the father is unknown to the petitioners,
and the court's order recites that the father is un-

known. If this finding of the court could, by any manner of means, be held to mean that the father is dead or not living, the record would exhibit all necessary facts to the court's jurisdiction, we think. It is entirely probable, however, that the father might be alive and still not known to the petitioners or to the court. In that case it does seem to us that the only way to conform with the statute would be to secure the service of the proceedings by publication. In this case that was not done. On the contrary, the father's rights, if living, were completely ignored. He was neither personally nor constructively served with notice, and was not before the court so that his rights might be determined. Before the court could adjudicate the matter in this proceeding, it is evident that he should have had jurisdiction: First, of the person of the child; second, of the petitioners; and, third, over the party or parties that the law has authorized to act and speak for the child. The first two, we think, are satisfied. As to the third, the record not showing that the father of the child is dead, either in fact or in law, it should be made to appear that he had notice of the proceedings taking place before his rights could be passed upon. *Furgeson* v. *Jones,* 17 Or. 204, 11 Am. St. Rep. 808, 3 L. R. A. 620, 20 Pac. 842.

"Upon the appearance before the judge of the persons seeking to adopt the child and the child, he acquires jurisdiction to entertain the petition for adoption, but at this point it is only jurisdiction to preliminarily investigate and determine whether the presence at the hearing of the parents of the minor child is necessary or not. . . . If it should be ascertained upon such inquiry that the child has another parent living who possesses a right to its care, custody, or control, it is the duty of the judge to decline to proceed with the hearing on the petition until the consent and presence of such parent are had." *In re McKeag's Estate,* 141 Cal. 403, 99 Am. St. Rep. 80, 74 Pac. 1039.

The contention that Judge Crosby, at the time he set aside the order of adoption made by Judge Sapp on November 9 and 20, 1918, did not have jurisdiction because of the lapse of time, would be well founded if the orders set aside and vacated were simply erroneous or irregularly entered, but, as we have seen, those orders were entered without service upon one of the most important parties to the question decided, and were entered without jurisdiction over such party. We take it the court always has the power to vacate and set aside void orders or orders entered without jurisdiction.

In affirming the action of the lower court in ordering a new hearing, as we understand it, it is that service may be had upon the father of the minor child, or that it may be shown that the father is not living, or, if living, that he has wilfully neglected to provide care and maintenance of the child for more than one year last past, or that he is laboring under some other statutory disability, and to proceed with the disposition of this case as provided in paragraphs 1192 and 1193.

CUNNINGHAM, C. J., and BAKER, J., concur.