GROGAN *v.* WEATHERBY.

4-5091

Opinion delivered July 4, 1938.

*Will Steel* and *Bert B. Larey,* for appellants.

*T. B. Vance,* for appellee.

McHANEY, J. This suit involves the title to 160 acres of land in Miller county. Title of all parties thereto is deraigned through Fannie J. Lummus, who died intestate April 9, 1918, seized and possessed of said lands. She left surviving her, her husband, Andrew J. Lummus, who became a life tenant by the courtesy, and four children, including the mother of appellee, Ural Gordon Weatherby, Luta Lummus Weatherby, who died in said county a few months after the death of her mother, leaving her husband and said appellee surviving her. Shortly after his birth and after the death of his mother, said appellee was taken by his father to Ector, Texas, where he has since resided. He is now about twenty years of age. On December 19, 1919, said Andrew J. Lummus petitioned the probate court of Miller county for appointment as guardian of said appellee and on the same date the court made an order appointing the petitioner as guardian and directed the clerk to issue letters accordingly, conditioned "that the said Andrew J. Lummus shall furnish bond in the sum of $1,000 as guardian of Ural Gordon Weatherby minors." The thousand-dollar qualifying bond as guardian so ordered to be given by the court does not appear to have been given, but on the

same date, December 19, 1919, said petitioner presented a guardian's bond in the sum of $200, but the record fails to show that it was ever approved.

On January 12, 1920, said Lummus, as guardian of said appellee, applied to the court for an order authorizing him to lease the 160 acres of land or said appellee's interest therein, for oil and gas, which the court authorized him to do, approved the lease, and a special bond required by the court for such purpose in the sum of $1,000. Thereafter, on the 14th day of December, 1925, said Andrew J. Lummus, his two sons and his daughter, mortgaged said 160 acres of land to appellant, J. W. Grogan, to secure a personal indebtedness of Andrew J. Lummus of $518.75. On August 30, 1927, said Andrew J. Lummus, for a consideration of $900, $100 in cash and a vendor's lien note in the sum of $800, conveyed to his daughter, an undivided three-fourths interest together with his courtesy rights in and to said 160 acres of land, which vendor's lien note was executed by his daughter, Lura Lummus Williamson, due six months after date. The deed evidencing this conveyance was not filed for record until the 29th day of September, 1937—a time after this suit was filed. Prior to the last-mentioned conveyance, on June 21, 1927, one of the sons of Andrew J. Lummus conveyed his undivided one-fourth interest in said 160 acres of land owned by his mother, Fannie J. Lummus, at the time of her death, to said Andrew J. Lummus. Thereafter, on March 19, 1928, appellant, Lura Lummus Williamson, brought a partition suit in the Miller chancery court against appellee, Ural Gordon Weatherby, a minor, and Andrew J. Lummus, as the guardian of his estate, and obtained a decree in which said lands were ordered sold and the proceeds divided because not susceptible to division in kind. At the sale following, appellant, J. W. Grogan, became the purchaser for a consideration of $1,200. Said Grogan is the nephew of said Andrew J. Lummus. $900 of the purchase price was paid to Lura Lummus Williamson and $300 to Andrew J. Lummus as guardian of Ural Gordon Weatherby. The payment to Lura Williamson was made by surrendering her $800 purchase money note and paying the difference be-

tween that and the purchase price. The $300 of the purchase price which represented the interest of said appellee Weatherby was paid to Andrew J. Lummus as guardian, but the records were not satisfied by him and no accounting was made to either the chancery or probate court for said sum by said Andrew J. Lummus as guardian.

On August 17, 1936, appellee, Ural Gordon Weatherby, brought this action by his father and next friend, against appellant, J. W. Grogan, and wife, and several others, lessees and assignees of oil and gas interests in said land, in which Lura Williamson and the two sons of Andrew J. Lummus and their wives were made parties defendant, these two sons and Lura Williamson being the other heirs at law of Fannie J. Lummus, deceased. The complaint alleged, in addition to the facts above stated, that after the death of his mother, one of the heirs of Fannie Lummus, deceased, his grandfather, said Andrew J. Lummus, attempted to have himself appointed guardian of his person and estate, but that he had never qualified as such in that he had not executed and filed a bond as required by law and the order of the court, and that no bond had ever been approved by the court as required by law; that with the exception of the receipt of $37.50 as the proceeds for a lease on said land, which sum was never accounted for, said Lummus did nothing further in the capacity of guardian until the time of his death; that as tenant by the courtesy, said Lummus took possession and control of said lands shortly after the death of his grandmother and mother and continued to receive the rents and profits therefrom until the date of his death. As to the partition suit above mentioned, he alleged that he was a minor at the time and that no process was served upon him either actually or constructively; that no defense was made for him therein; that the land was ordered sold without the appointment of a commissioner and without any testimony being heard upon the question of the division of the land in kind; that the land was sold to said Grogan for a grossly inadequate price, no notice of sale being given and that the consideration of $1,200 stated in the commissioner's deed was not

paid in fact and, if any part thereof was paid by said Grogan, it was not paid to anyone authorized to receive same for him, and that if Andrew J. Lummus received said money, he had executed no bond as required by law, made no report thereof to the court and converted same to his own use. He alleged that said Lummus caused said partition proceedings to be instituted in the name of Lura Williamson against him for the special purpose of bringing about the sale of the land to satisfy a personal obligation owed by Lummus to Grogan and that said Lummus was interested in the purchase of said lands, which fact was well known and colluded in by said Grogan. In an amendment to the complaint, he alleged that the chancery court was without jurisdiction over his person and the subject-matter of said cause because the other heirs and the courtesy tenant as such were not made parties defendant in the alleged proceedings and that no defense was made for him, a minor. He again alleged that said Lummus was never in fact or law his legal guardian because he failed to give the bond in the sum of $1,000. He prayed that his interest in said land be declared and that his title therein be quieted against Grogan, his lessees and his assigns and that their title thereto be canceled and set aside.

Appellants, Grogan and wife, answered with a general denial, and that the partition decree should not be vacated or disturbed, because the term of court in which it was entered had long expired; that he purchased the land at a judicial sale more than five years previous to the filing of the complaint, paying $1,200 therefor, as shown by the commissioner's deed, and that said Weatherby was not entitled to a recovery without offering him the money he had paid out, and he pleaded the partition decree as *res adjudicata* of the issue. Further pleas were the statute of limitations and laches and set up that he had been in possession of the land for more than eight years under appellant's title and had constructed improvements on the land and that no tender had been made for said improvements for which he prayed, in the event the partition decree was set aside. Appellant, Lura Lummus Williamson, answered, alleging that the partition suit was

filed in her name without her consent and without any notice to her; that she did not employ or authorize anyone to represent her or use her name in said proceedings; that she had no notice or knowledge that a decree had been rendered or a sale in partition had been made, and that she had at no time claimed her interest in the lands described in the complaint other than an undivided one-fourth interest, which she inherited upon her mother's death and upon the death of her father, Andrew J. Lummus, about the 12th day of November, 1932. She made her answer a cross-complaint against J. W. Grogan and wife and prayed that the partition decree and sale be set aside and that she have judgment against Grogan for the detention of the land and profits therefrom.

On a trial, the court found the issues of law and fact in favor of appellee, Ural Gordon Weatherby, offset the claim for betterments against rents and profits received by appellant; canceled appellant Grogan's deed and quieted title in appellee to an undivided one-fourth interest in the 160 acres of land. The court further found against appellant, Lura L. Williamson, and entered a decree dismissing her cross-complaint against Grogan for want of equity, from which judgment there is an appeal by Grogan, and a cross-appeal by Lura Lummus Williamson.

We think the court correctly decided the case as to appellants as well as to the cross-appellant. Disposing of the cross-appeal first, it may be said that, while she denied knowledge of the institution of the suit, her attorney in the partition proceedings testified that she authorized him to bring same. It was established beyond dispute that she executed the mortgage to appellant, Grogan. We think the evidence supports the finding of the court, also, that she executed the vendor's lien note to Andrew J. Lummus, which he in turn traded to appellant Grogan for the mortgage, and that after the partition suit was concluded, she in person satisfied the records. She was not a minor, nor under any disability, and she waited until her father had died and some of the officers connected with the transaction had died, and until after Grogan had been in possession seven years or more

under his commissioner's deed, holding his possession under color of title, and until the lands became potential oil lands, before instituting this suit, and we think she was barred both by laches and limitations, as the lower court held.

A different situation exists, however, as to appellee Weatherby. He was at all times a minor and still is. He knew nothing about his grandfather having been appointed guardian for him. He knew nothing about any sale of the land in the partition suit, except possibly by a guardian *ad litem,* who pretended to file an answer for him. His supposed guardian, his grandfather, did not file an answer for him. Said appellee contends, and we think justly so, that there was never any legal appointment of a guardian for him. The appointment of Andrew J. Lummus was conditioned by order of the court on his giving of the $1,000 bonds, and the records fail to disclose that any bond was ever executed, filed and approved. Appellant contends that the guardian was appointed by the clerk in vacation and his bond fixed at $200, but we are of the opinion that the records fail to support him in this contention. The petition for the appointment of a guardian was addressed to the probate court of Miller county, Arkansas, which was granted by an order of the court, which provides: "That the aforesaid Andrew J. Lummus be and he is hereby appointed guardian for Ural Gordon Weatherby, a minor. And the clerk is directed to issue letters accordingly. It is further considered, ordered and adjudged that the said Andrew J. Lummus shall furnish bond in the sum of $1,000 as guardian of Alexander Lummus and Ural Gordon Weatherby, minors." On the same date, December 19, 1919, the clerk issued letters to said Lummus, reciting that Andrew J. Lummus "on this day has been appointed by the Miller probate court guardian over the person and estate of Ural Gordon Weatherby, a minor, by his entering into a bond for the use of said minor in the sum of $200. . . ." This $200 bond just referred to was found among the papers in the case and was introduced in evidence, but it also shows that it was not approved and bears no filing mark thereon. Therefore, conceding without deciding, that at the

time said Lummus, as guardian, attempted to lease the minor's land for oil and gas purposes, and at which time he was required to execute a bond in the sum of $1,000 because of said lease, the probate court had the power to order the lease of a minor's land for oil and gas, there being no statute to this effect at that time and not until several years later, still, since he failed to give bond as guardian in compliance with the order of the court, he had no authority to act as guardian. In the early case of *Guynn* v. *McCauley*, 32 Ark. 97, this court said: "The probate court had no jurisdiction to grant the father an order to sell the lots of his minor children, until he was duly appointed their guardian. The first step in the actual jurisdiction of the court, over the estate of the minors, was the appointment of their guardian. *Sturdy and wife, et al.* v. *Jacoway*, 19 Ark. [499] 515. The appointment was not complete until the applicant entered into bond. The statute declares that no entry of the appointment of a guardian shall be made until bond and security be given, etc." This statement of the law was quoted in *Bank of Rector* v. *Parrish*, 131 Ark. 216, 198 S. W. 689, where the court, after quoting the above, said: "In the statutes under consideration in that case, two initial jurisdictional acts were necessary—the appointment by the court and the execution of a bond. So, likewise, under chapter 83 of Kirby's Digest, the court must appoint and the guardian must execute bond before he can enter upon his duties. The same reasons for safeguarding property of minors exist with reference to safeguarding property of insane persons." See, also, *Norris* v. *Dunn*, 184 Ark. 511, 43 S. W. 2d 77; *Hyde* v. *McNeeley*, 193 Ark. 1139, 104 S. W. 2d 1068; *Hart* v. *Wimberly*, 173 Ark. 1083, 296 S. W. [39] 40; and *Axley* v. *Hammock, Chancellor*, 185 Ark. 939, 50 S. W. 2d 611.

This failure of said Andrew J. Lummus to give bond as guardian rendered all of his proceedings as such void, and it was such a defect as persons dealing with him were bound to take notice of. Therefore, Grogan and subsequent purchasers were not innocent purchasers and the court correctly modified the partition decree in this regard, even though said decree recited on its face that said

guardian had given bond as required by law and the order of the court, as the decree, no doubt, followed the allegations of the complaint without requiring proof of the legality of the guardianship of said Lummus.

Other questions are raised and argued by the parties, but what we have said makes it unnecessary to discuss these matters.

The decree of the chancery court is correct, and must be affirmed both on appeal and cross-appeal.