WELLS *v.* FLOYD, GUARDIAN.

4-8025                                    198 S. W. 2d 412

Opinion delivered December 23, 1946.

*Northcutt & Northcutt* and *Oscar E. Ellis,* for appellant.

*P. C. Goodwin* and *Ponder & Ponder,* for appellee.

SMITH, J.   This is a direct appeal prosecuted, within the time allowed by law, from the order and judgment of the Fulton Probate Court refusing to vacate a probate order for the sale of a tract of land owned by Hugh Isbell, an incompetent person. There are, in fact, two appeals, one from the order of sale, the other from the judgment refusing to vacate that order.

The order sought to be vacated reads as follows:

"On this the 7th day of Feb., 1946, is presented to the Court the petition of Shelby E. Floyd, Guardian of Hugh Isbell, incompetent ward, asking for authority to sell the following lands belonging to said ward:

"The southwest quarter of the southwest quarter of section six (6); the west half of the northwest quarter and the southeast quarter of the northwest quarter section seven (7) all in township nineteen (19) north range seven (7) west of the 5th principal meridian, in Fulton county, Arkansas. And the purpose of said sale being to place the proceeds therefrom in government bonds. And it appearing to the court from the evidence under oath of the said guardian, Shelby E. Floyd, as well as of J. R. McCullough, and Ray C. Carter, three creditable and disinterested witnesses that said lands have long been unproductive and are depreciating in value and are more expensive to keep in repairs, pay taxes and insurance than the revenue produced from same would be, and that it would be to the best interest of said ward, that the sale of said lands be made and the proceeds therefor be invested in government bonds.

"It is therefore ordered by the court that said Shelby E. Floyd, guardian as aforesaid, be and he is hereby directed to sell said lands, to the highest bidder, after having advertised as the law directs, that said lands be sold for cash in hands and said Shelby E. Floyd, as guardian, is directed to report his action at the next term of this court."

The petition to vacate this order was filed by Lee Wells as next friend of the incompetent, whose right to thus appear is not questioned, and alleges the improvidence of the order.. Certain jurisdictional questions are also raised, questioning the validity of the order of sale. The one most strongly relied upon is that a sale of the land was ordered for investment of the proceeds of the sale in government bonds, the insistence being that the law does not authorize this investment.

The probate proceeding was had under the alleged authority of § 7586, Pope's Digest, which reads as follows:

"Though it be not necessary for the payment of debts or maintenance, when it shall clearly appear to the court that it would be for the benefit of a person of unsound mind that the real estate, or any part thereof, of such person should be sold or leased, and the proceeds thereof put at interest or invested in productive stocks, or in other real estate, or in the improvement of other real estate of such person, then the guardian or curator may sell or lease the same accordingly, upon obtaining an order for such sale or lease from the court of probate of the county in which said real estate shall be situate. To obtain such order the guardian or curator shall present to the court a petition duly verified, setting forth the condition of the estate, and the facts and circumstances on which the petition is founded. If, after a full examination on the oath of creditable and disinterested witnesses, it clearly appears to the court that it would be for the benefit of said ward that the real estate, or any part thereof, should be sold or leased, the court may make such order, as provided in § 7578, and the sale and the subsequent proceedings thereunder shall be in accordance with the provisions of from §§ 7579 to 7585, inclusive, the court first requiring the guardian or curator to enter into good and sufficient bond to make said sales or leases with fidelity to the interest of his ward, and to faithfully account for the proceeds of such sales and leases according to law and as the order of the court may require. Act March 14, 1891, p. 86."

This section authorizes the sale of the real estate of an incompetent person "when it shall clearly appear to the court that it would be for the benefit of a person of unsound mind that the real estate, or any part thereof, of such person should be sold or leased, and the proceeds thereof put at interest or invested in productive stocks, . . . ." Certainly money invested in government bonds has been put at interest, as such bonds bear and pay interest, and we would be unwilling to question the sufficiency of the security for the investment, as government bonds are, by common consent, regarded as the highest form of security known to the law. We, therefore, hold that the order is not void because of the direction that the proceeds of the sale of the land be invested in government bonds, which we understand to mean the interest bearing obligations of the United States.

It is objected also that the order is void for the reason that it directs the sale of the land for cash. Section 7586, above quoted from, provides that after approval of a petition to sell, the court shall make "such order, as provided in § 7578, and the sale and the subsequent proceedings thereunder shall be in accordance with the provisions of from §§ 7579 to 7585, inclusive, . . . ."

Section 7578, Pope's Digest, reads as follows:

"The court making such order shall direct the time and terms of sale, mortgage or lease of such estate, and the manner in which the proceeds shall be secured, and the income or produce thereof applied."

This section confers upon the court the discretion to "direct the time and terms of sale," and it is within the power thus conferred to direct that the sale be for cash. *Overton* v. *Porterfield,* 206 Ark. 784, 177 S. W. 2d 735. The other sections referred to "from §§ 7579 to 7585" relate to notice and manner of sale, and the report and the confirmation or disapproval thereof.

We hold, therefore, that if the order is otherwise valid, it is not rendered void because it directs the sale

for cash, for the reason that the court had the discretion to so order.

There is however, a jurisdictional defect in the order of sale, which renders it void. Section 7586, Pope's Digest, from which we have quoted, provides the findings which the court must make before ordering a sale, but when these findings have been made a condition precedent is imposed before ordering the sale, which is that "the court first requiring the guardian or curator to enter into good and sufficient bond to make said sales or leases with fidelity to the interest of his ward, and to faithfully account for the proceeds of such sales and leases according to law and as the order of the court may require."

It does not appear, nor is it contended, that the bond required by law was ever made, and there was therefore no authority to hold the sale prior to the execution of the bond.

The case of *Grogan* v. *Weatherby,* 196 Ark. 705, 119 S. W. 2d 552, is in point. That case involved the validity of a lease of a minor's land for oil and gas purposes. Section 6266, Pope's Digest, confers upon guardians and curators the authority to execute such leases, but prescribes the conditions under which the power may be exercised. This § 6266 was apparently patterned after § 7586, and like the latter section contains a condition precedent to the exercise of the power conferred, this being "first requiring the guardian or curator to enter into good and sufficient bond' to make such lease with fidelity to the interest of his ward, and faithfully to account for the proceeds of such royalties and other consideration derived from such lease according to law and as the order of the court may require."

In the case last cited, as in the instant case, the bond required by law had not been executed. After a review of applicable cases, it was held, as stated in the headnote, that, "Before a valid sale by the alleged guardian of his ward's lands can be made, two jurisdic-

tional acts are necessary—the appointment of the guardian and the execution by him of a bond."

It is true here that the acting guardian, who filed the petition for the order of sale, was the duly acting and qualified guardian, at least that fact is not questioned; but even so, a bond in addition to the ones he executed to qualify as a guardian was essential to be conditioned as required by § 7586, Pope's Digest, which conditions are specific and not general as are the conditions of all bonds which guardians must execute before qualifying as such.

It follows from what has been said that the order of sale is void, and the decree will be reversed and the cause remanded with directions to vacate and set aside the order of sale.