MADDOX *v.* THE STATE.

ELECTION. — *Residence.* — *Apprentice.* — A boy, nine years of age, having no father or mother, was apprenticed to a resident of this State, with whom he made his home till he was nineteen years old, when he left, to go to another county, where he fell in with a man going to Iowa, to whom he engaged himself, in consideration of having his expenses paid to that State. He wrote his master, saying he was going to see the country and intended to return as soon as he should accomplish that object. He remained in Iowa about three years, working for farmers on their farms at different places, and then returned to this State, to the residence of his late master, to whom he had written while in Iowa, soon after coming of age, that as soon as he could get money enough to pay his expenses he would return home. After his return to this State, he said that he did not expect to remain here. Information against him for illegal voting, charging that he had not been a resident of the State for six months preceding the election.

*Held*, that he had not·lost his residence in this State.

APPEAL from the Montgomery Common Pleas.

GREGORY, J.—Information against the appellant for illegal voting. It was charged that the appellant had not been a resident of the State for six months preceding the election at which he voted. The defendant pleaded not guilty. The case was submitted to the court; finding guilty; motion for a new trial overruled. The evidence shows that the defendant, when about nine years old, was apprenticed to one Miller, a resident of Montgomery county; that at that time he had neither father nor mother; that he made his home at Miller's until he was about nineteen, at which time he left, to go to Attica, in this State, where he fell in with a

man going to Iowa, to whom he engaged himself as an assistant, in consideration of having his expenses paid to Iowa. He wrote letters to Miller, saying, that he was going to Iowa to see the country, and that he intended to return as soon as he had accomplished that object. He remained in Iowa about three years. Soon after he came of age, he wrote to Miller, that as soon as he could get money enough to pay his expenses, he would return home. Whilst in Iowa, he worked for farmers on their farms, at different places. He said to a witness, after his return to this State, that he did not expect to remain. The court below, as we are informed by the bill of exceptions, found the defendant guilty on the ground that, being a minor during his stay with Miller, he could not gain a voting residence.

The residence of Miller, the master, was the residence of his apprentice, the appellant, for every purpose known to the law, and, whilst a minor, the apprentice could not by leaving his master and going to another state change that residence. But after the defendant arrived at full age, he could elect to change his residence, and whether he did or not in this case depended on his intention. If it was the intention of the appellant to return to this State, and he was only prevented from doing so by the lack of means to pay his expenses, and he did in fact return in accordance with his intention, then he never lost his residence in this State, although it was not his intention to remain here permanently. A mere intention, unaccompanied by a removal, will not lose a man his residence. The defendant never having actually left this State with an intention to change his residence, he was still a resident; and it took something more than a mere intention as to his *future* course to lose that residence.

The court erred in overruling the motion for a new trial.

Judgment reversed; cause remanded for a new trial, and for further proceedings.

*L. Wallace,* for appellant.

*D. E. Williamson,* Attorney General, for the State.