JOHNSON ET AL. *v.* SMITH ET AL.

[No. 14,213. Filed March 11, 1932. Rehearing denied May 19, 1932. Transfer denied July 1, 1932.]

*Joseph H. Conroy, Louis C. Holland* and *John A. Dunlap,* for appellants.

*Moses Leopold,* for appellees.

NEAL, J.—This is an appeal from a judgment setting aside and vacating an order of adoption of Patricia Pearl Tripp, a minor child, by August R. Johnson and Blanche M. Johnson, his wife (appellants herein).

The record discloses the following facts: That Patricia Pearl Tripp was the daughter and only child of Ernest Tripp and Sarah Kathryne Tripp, residents of Jasper County; that the father and mother of said child became ill and were taken to the Jasper County Hospital for treatment, where they died on May 12, 1930, and May 16, 1930, respectively; that after the death of the father and prior to the death of the mother, appellants, with the permission of the child's mother, took Patricia Pearl Tripp to their home in Porter County to care for her; that on May 16, 1930, Hamlin H. Smith and Edna

P. Smith (designated as amicus curiae herein), parents of the mother of said child, filed their verified petition for the adoption of said child in the Jasper Circuit Court and on June 2, 1930, the Jasper Circuit Court found that Patricia Pearl Tripp was a resident of Jasper County and entered an order of adoption and that her name be changed to Patricia Pearl Smith.

The record further shows that appellants, residents of Porter County, on May 23, 1930, filed in the Porter Circuit Court their verified petition praying for an order of adoption of Patricia Pearl Tripp; that on said day the Porter Circuit Court entered its order of adoption of said child and that her name be changed to Patricia Pearl Johnson; that on June 12, 1930, Harlin H. Smith and Edna P. Smith, appearing as amicus curiae, filed a verified petition in the Porter Circuit Court in which they set up all the facts above related and asked the court to vacate its order of adoption entered on May 23, 1930. Appellants filed a motion to strike this petition from the files, which motion was overruled. The court, after hearing evidence, on the petition to vacate the order of adoption, found that the Porter Circuit Court was without jurisdiction to enter the order of adoption "by reason of the said Patricia Pearl Tripp not being a resident of this county, but a resident of Jasper County at this time and at the time the adoption proceedings were had in this court," and the court entered a judgment of its own motion vacating and setting aside the order of adoption entered on May 23, 1930, and denied and dismissed the action on said petition of adoption. Appellants' motion for a new trial being overruled, they appeal to this court.

The only question presented by the several assigned errors relates to the construction of Section 1, Acts 1855, Ch. 56, p. 122, being §913 Burns 1926, which provides that "Any person desirous of adopting any child

may file his petition therefor in the circuit court in the county where such child resides." It is appellants' contention that the word "resides" as used herein does not mean legal residence or domicile, but that the mere temporary residence of the child is sufficient to give the Porter Circuit Court jurisdiction.

The word "reside," as well as its cognate "residence," is employed in a wide variety of significations and as set forth in the case of *Hayward v. Hayward* (1917), 65 Ind. App. 440, 115 N. E. 966, "reside" or "residence" is not always used synonymously with the term "domicile," but is often used to signify a temporary abode. But the Supreme Court, in the case of *Quinn v. State* (1871), 35 Ind. 485, held that the term "reside," as used in the constitution relevant to suffrage, intended to embrace the idea of fixed or permanent residence. In the case of *Maddox v. State* (1869), 32 Ind. 111, the word "residence" was used synonymously with the word domicile though domicile is not mentioned in the opinion.

Not only have our courts construed the words "reside" and "residence" to be synonymous when used in a statute, but such has been the construction placed thereon by the courts of many other states. See *Allgood v. Williams* (1890), 92 Ala. 551; *Gildersleeve v. Gildersleeve* (1914), 88 Conn. 689; *Sharp v. McIntire* (1896), 23 Colo. 99; *Delaware L. & W. R. Co. v. Petrowsky* (1918), 250 Fed. 554, citing *Maddox v. State, supra; People v. Estate of Robert Moir* (1904), 207 Ill. 180, 69 N. E. 905; *Elam v. Maggard* (1915), 165 Ky. 733; *Bradley v. Fraser* (1880), 54 Ia. 289; *Modern Woodmen v. Hester* (1903), 66 Kan. 129; *Olivieri v. Atkinson* (1897), 168 Mass. 28, 46 N. E. 431; *Wood v. Roeder* (1895), 45 Neb. 311.

The term "reside," as used in the Adoption Statute, §913, *supra,* refers to "legal residence" and has refer-

ence to the "domicile" of the child to be adopted. We are not altogether without authority to place this interpretation upon this term as used in an adoption statute. Section 1, Ch. 288, G. L. 1923 of the Rhode Island Statutes provides, with reference to a petition for the adoption of children, that: "The court of the town in which the child to be adopted *resides* shall have exclusive original jurisdiction of such petition." (Our italics.) In the case of *Greene* v. *Willis* (1926), 47 R. I. 375, a case wherein a very similar question to the one under consideration was involved, the court held that the word "resides" as used in the Rhode Island Statutes, *supra*, means "having a domicile" and "does not refer to the place of actual abode."

It is well settled that an infant not being *sui juris* is incapable of fixing or changing its domicile. *Warren* v. *Hofer* (1859), 13 Ind. 167. And during minority the domicile of an infant is that of its father during his lifetime and upon his death, its domicile becomes that of its mother during her lifetime. *Modern Woodmen* v. *Hester* (1903), 66 Kan. 129, *supra*. Upon the death of both parents the domicile last derived from the parents, or either of them, continues to be the domicile of the child until legally changed or until the child reaches majority. *Sudler* v. *Sudler* (1913), 121 Md. 46, 88 Atl. 26, 49 L. R. A. (N. S.) 860 and note.

The domicile of Patricia Pearl Tripp was that of her father during his lifetime and upon his death her domicile was that of her mother, which, at the time of her death, was Jasper County.

This domicile continued to be the domicile of Patricia Pearl Tripp and such was her domicile at the time these proceedings were instituted (it not being shown that the same was legally changed). The fact that such child was temporarily living at the

home of appellants in Porter County at the request of such parents does not constitute Porter County her domicile. *Allgood* v. *Williams* (1890), 92 Ala. 551. It necessarily follows, therefore, that the Porter Circuit Court was without jurisdiction to order an adoption in the instant case; such court did not err in setting aside its order of adoption of May 23, 1930.

We find no reversible error.

Judgment affirmed.