177 P.2d 222

In re WEBB'S ADOPTION.

PERKINS v. WEBB et ux.

No. 4830.

Supreme Court of Arizona.

Jan. 27, 1947.

Moore, Romley & Roca, of Phoenix, for appellant.

Head & Palmer, of Prescott, for appellee.

UDALL, Judge.

This is an appeal by a mother from an interlocutory order of adoption entered March 19, 1945, granting the petition of the paternal grandparents for the adoption of her minor son, aged six years. The facts, which are not in dispute, are that the parents of the minor involved were married in 1937, the appellant (mother) being at that time 14 years of age and her husband 19. Before she was 16 the child was born in Yavapai County where the matrimonial domicile was maintained. Six months thereafter the husband filed suit for divorce and a decree was entered in his favor on July 3, 1939, which also gave him the custody of the minor with full visitorial rights to the mother. He promptly placed the child with his parents, the petitioners herein, who at all times resided in Clarkdale, Yavapai County. Then he moved to California and re-married. His legal residence, according to the petition to adopt, had been in California for a year prior to the filing of the present petition. The appellant on July 31, 1939, married her present husband, Lincoln W. Perkins, in New Mexico; however, they returned to Globe to live, her husband having resided there for many years. He was employed by the Arizona Edison Company and was well respected in the community.

There have been two separate proceedings initiated in the Yavapai County Superior Court by the petitioners seeking to adopt their grandson, Charles Malcolm Webb, Jr. Resident Judge, Honorable Richard Lamson, handled the first petition in which an interlocutory order of adoption was entered on September 22, 1939. The

appellant moved to vacate this interlocutory order and after a hearing thereon, the court on July 25, 1940, entered this order:

"It is ordered that the Motion to Vacate Interlocutory Order of Adoption be granted, the *interlocutory proceedings dismissed and the minor child awarded to the mother.*"

This order effectively terminated this adoption proceeding.

At the same time, according to the record before us, the court not only set aside the former interlocutory order but also modified the divorce decree, which awarded the custody to the father, and gave the custody to the appellant. The child was promptly taken by Mr. and Mrs. Perkins to their home in Globe, Gila County, to live, where he remained for over fourteen months.

On October 2, 1941, Sam J. Head, designating himself as attorney for Charles M. Webb, the natural father of said minor, in the closed adoption proceedings made a "motion for an order to modify order ex parte." A supporting affidavit recited on information and belief that the mother had deserted and abandoned the child. Judge Lamson thereupon entered an ex parte order directing his juvenile officer to go to Globe and get the child and return him into the custody of the petitioners at Clarkdale. The return on the order shows that the officer carried out his instructions, having obtained custody of the child from the step-father, Lincoln W. Perkins, the appellant at that time being temporarily in California.

The second petition for leave to adopt was filed by the same petitioners on November 19, 1941. The Yavapai County Clerk of Court gave it the same docket number as the previous petition. The matter was assigned to the Honorable J. W. Faulkner, Judge of the Superior Court of Mohave County, who handled all subsequent proceedings. The first hearing was held on January 3, 1942, at the conclusion of which, by stipulation, the hearing was continued for a period of three years, "the purpose being to give the mother (appellant) an opportunity to show her fitness to have the care of the child." In the interim the child was left in the custody of the petitioners. At the adjourned hearing on January 3, 1945, additional testimony was taken and at the conclusion of the hearing the matter was taken under advisement. On March 14, 1945, the trial court made extensive findings of fact and concluded that the best interest of the child would be promoted by his adoption by the petitioners. There followed the interlocutory order of adoption from which this appeal was taken.

While the father gave his written consent, at no time did the mother consent to the adoption. The court expressly found that the evidence at the last hearing showed no misconduct on her part during the previous three-year period, however, the court

did make findings of serious misconduct and acts showing instability on the appellant's part prior to the year 1942.

The assignments of error raise two serious jurisdictional questions: (1) Did the child "reside" in Yavapai County at the time the last petition for adoption was filed so as to confer jurisdiction upon that court to hear the matter? (2) Is the superior court without jurisdiction to decree an adoption without the mother's consent in the absence of allegations and proof of conditions specified by statute as obviating consent? A statement of some basic principles will be helpful in determining the first question.

The right of adoption was unknown to the common law and repugnant to its principles. Such right being in derogation of the common law is a special power conferred by statute and the rule is that such statutes must be strictly construed. Furgeson v. Jones, 17 Or. 204, 20 P. 842, 3 L.R.A. 620, 11 Am.St.Rep. 808.

The jurisdiction to order adoption is vested in the superior court, Article 2, Section 27-201 to 27-210, A.C.A.1939, but before that power may be asserted the facts enumerated in the statute as authorized there should be made to appear. In re Gallegos, 21 Ariz. 250, 187 P. 573; see also In re Adoption of Susans', 37 A.2d 645, 22 N.J.Misc. 181.

Section 27-202, A.C.A.1939, Provides that a person may petition the superior court of the county "in which a child resides" for leave to adopt such child, and that the county attorney of the county "in which such child resides" shall represent the petitioner without expense. This language is clear and explicit.

The term "resides" as used in the adoption statute refers to legal residence or domicile. Johnson v. Smith, 94 Ind. App. 619, 180 N.E. 188; Cribbs v. Floyd, 188 S.C. 443, 199 S.E. 677.

An infant is not sui juris and therefore cannot fix or change his domicile. His residence is that of his parents or the one of them who has the legal custody of him, or if neither parent has the legal custody, the one who stands in the relation of loco parentis to him. Johnson v. Smith, supra; Crain v. Walker, 222 Ky. 828, 2 S.W.2d 654; Cribbs v. Floyd, supra.

The domicile of the father, if the parents are married, is ordinarily the domicile of the child. In re Adoption of Susans', supra.

A domicile once acquired continues until a new one is acquired. In re Adoption of Susans', supra.

Residence of a minor child follows that of divorced mother entitled to his custody. Casella v. Casella, 133 Cal.App. 80, 23 P.2d 782; In re Metcalf's Estate, 93 Mont. 542, 19 P.2d 905.

The petitioners however, seek to sustain the jurisdiction of the Yavapai County Superior Court in the present adoption matter by invoking the rule "that jurisdiction of a court once properly attached, nothing thereafter happening will ordinarily operate to defeat it." The cases cited by them in support of this rule are principally divorce cases, where a petition to modify the orginal decree as to the custody of a minor is involved. Continuing jurisdiction of matters subsequently arising under a divorce decree is one thing and original jurisdiction in a new adoption matter is another. There is no relationship between the two. As of the date of filing by petitioners of the second petition to adopt, the jurisdictional prerequisites of residence must be met.

We are of the opinion that Judge Lamson's ex parte order of October 2, 1941, was improperly entered and that the order was a nullity as the court had no jurisdiction to make it. The adoption proceeding in which it was purportedly entered was closed. Hence it follows that the physical taking by the probation officer of the minor child from Globe back to Clarkdale could in no wise aid in conferring jurisdiction upon the Yavapai County Superior Court to entertain the last petition for adoption. Jurisdiction to adopt cannot be obtained in such a manner.

Applying the enunciated principles of law to the factual situation here presented, we conclude that the minor ceased to "reside" in Yavapai County after his legal custody was given to the appellant on July 25, 1940. Her legal residence then being in Globe, that became his domicile. Hence when the present petition for adoption was filed, the Superior Court of Yavapai county never acquired jurisdiction to authorize the entry of the interlocutory order of adoption herein appealed from. This conclusion makes it unnecessary for us to consider the other assignments of error.

The interlocutory order of adoption is set aside.

STANFORD, C. J., and LA PRADE, J., concur.