BREITHAUPT *v.* PARKER, REFEREE.

4-8603                                             213 S. W. 2d 382

Opinion delivered July 5, 1948.

Rehearing denied October 4, 1948.

---

[4] There is no suggestion in this case that the plan of delivery was adopted as a means of evasion.

*Bob Bailey* and *D. D. Panich,* for appellant.

*John W. Bailey, Edwin E. Dunaway, Guy E. Williams,* Attorney General, and *Ted R. Christy,* for appellee.

ROBINS, J. Appellants were entrusted by the Referee of Pulaski County Juvenile Court with the custody and care of Joseph Edward Hoffman, then about 2½ years old. The child's mother was dead, and its father not in a position to look after it. Appellants, who were childless and without possibility of offspring, cared for the child eight months, became very much attached to it, and wished to adopt it as their own, in accordance with an agreement they alleged they had with the Referee. But the child was taken from appellants by the Referee. They thereupon filed petition in the probate court, asking for adoption of the child. The Referee filed motion to dismiss which was sustained.

Another petition for adoption was filed on February 14, 1947, but no hearing was had thereon.

On January 7, 1948, appellants filed an amended and substituted petition, asking the same relief. This petition was dismissed by the probate court and this appeal followed.

The order appealed from contains the following:

## "Findings of Fact

"That the petition for adoption filed January 17, 1946, by petitioners herein to adopt Joseph Edward Hoffman, a minor, was presented to the court on June 11, 1946, upon a Motion to Dismiss filed by the respondent, Flossie S. Parker, Referee; that no testimony was taken to the merits of said petition, but that said Motion to Dismiss was sustained as a matter of law, but that the order of dismissal was never placed of record; that petitioners filed a second petition on February 14, 1947, which was not passed on by the court; that an Amended and Substituted Petition was filed to adopt said minor child on January 7, 1948, and that said second petition

and amended and substituted petition were submitted to the court upon the respondent's Motion to Dismiss on March 1, 1948; that prior to the said hearing before this court on the 1st day of March, 1948, said minor child had been removed from the jurisdiction of this court; that respondent, Bernice G. Ratcliffe, was appointed Guardian for said minor child on May 22, 1947, and was discharged as such Guardian on June 3, 1947; that said minor child has not been under her care, custody or control since June 3, 1947, the date of her discharge, and said minor child is not now under her care, custody or control; that Respondent, Flossie S. Parker, has had no jurisdiction, custody or control over said minor child since May 22, 1947, and now has no jurisdiction, custody or control over said minor child.

## "Conclusions of Law

"That the petition to adopt filed herein February 14, 1947, and the Amended and Substituted Petition filed on January 7, 1948, was not presented to this court until March 1, 1948, the date of this hearing; that said minor child, Joseph Edward Hoffman, had heretofore been removed from the jurisdiction of this court; that said minor child, Joseph Edward Hoffman, is not in the custody or control of the respondents, and that said respondents cannot deliver said child to the custody of this court for the reason they are each without authority to do so; that said child is not now within the jurisdiction of this court; that petitioners took no appeal from the order of this court made on June 11, 1946, but which was never entered.

"It is therefore by the court, considered, ordered, adjudged and decreed, that the Motion to Dismiss of the respondents should be, and the same is hereby granted, and the petition of the petitioners filed February 14, 1947, together with the Amended and Substituted Petition filed on January 7, 1948, be and the same are hereby dismissed; the petitioners object and except to the Findings of Fact and Conclusions of Law, and the order of the court and ask that their objections and exceptions be noted of record which is accordingly done and an appeal

840

is hereby granted to the Supreme Court of the State of Arkansas.

"This order having been made by the court on March 1, 1948, the same is ordered entered now for then.

"Dated this 16th day of March, 1948."

This order was approved by the attorneys for all parties.

Whether proof was heard by the lower court before the findings of fact and conclusions of law were made does not appear; but no such proof is brought into the record by bill of exceptions or otherwise.

Taking the recitals of the order as correct—and we must do this since there is no proper challenge of their correctness—it appears that the child is not in the jurisdiction of the court; and the court was therefore without power to make any order of adoption.

For that reason the order appealed from must be affirmed.