ANTONACCI v. ANTONACCI.

5-254                                         263 S. W. 2d 484

Opinion delivered January 11, 1954.

*Wayne Foster,* for appellant.

*Carl Langston,* for appellee.

ROBINSON, J. Appellant, Charles Toney Antonacci, and appellee, Sarah Ann Antonacci, were divorced by decree of Pulaski Chancery Court on October 10, 1950. Sarah Ann was given custody of their child, William Charles, then 20 months of age. The decree also required Charles Toney to pay $12.50 per week to Sarah Ann for support of the child. Later appellant went into the Army and served for a time in Korea. Sarah Ann moved to California, taking the child with her.

Soon after appellant's return to his home in North Little Rock, appellee returned with the child from California. Later she went back to California with the child, and it is disputed whether this was with the consent of appellant. Thereafter appellant filed a motion in chancery court asking that he be given custody of the child. Sarah Ann then returned to North Little Rock and resisted appellant's motion that he be granted custody of the child, and moved that she be permitted to again take the child to California. Appellee further alleged that appellant was behind $500 in his payments for the maintenance of the child.

On a hearing the court issued an order permitting appellee to take the child to California, but refused judgment for $500 on account of unpaid maintenance, and reduced the $12.50 per week payments to $12.50 every two weeks. Charles Toney appeals from the order permitting Sarah Ann to take the child to California, and Sarah Ann appeals from the order refusing to allow her the $500 in unpaid maintenance.

It is within the power of the court to permit the mother to take the child out of the state. *Weatherton* v. *Taylor,* 124 Ark. 579, 187 S. W. 450; *Gibson* v. *Gibson,* 156 Ark. 30, 245 S. W. 32; and *Thompson* v. *Thompson,* 213 Ark. 595, 212 S. W. 2d 8. Here it is shown that there is not much chance of the parties being remarried; appellant has been married and divorced twice since his divorce from appellee. He works for the railroad company and is able to procure a pass to ride the trains to California to see the child at any time. In addition, appellee has agreed to bring the child back to North Little Rock each year during the months of July and August, and has made a bond conditioned that she will carry out this agreement.

In addition to the fact that appellant can get a pass to travel by train to California, the court reduced the maintenance payments by half and refused to give the appellee judgment for $500 for unpaid installments of maintenance. All of this will enable the appellant to visit the child in California without any extraordinary expense to himself.

Appellee has a job that she can go to in California where she earns from $65 to $70 per week, whereas here in Arkansas she can only earn about $32.50 per week. Appellee much prefers to live in California; she is happy there and appears to take good care of the child. We do not think that the Chancellor erred in refusing to require appellee to remain somewhat a prisoner in Arkansas because of the unfortunate divorce proceeding.

No doubt in refusing to allow the appellee judgment for $500 for unpaid installments of maintenance the court took into consideration the fact that permission was given for the child to be taken out of the state and there might be some expense to appellant in the event he wished to visit the child in California.

The cause is affirmed both on appeal and cross-appeal.