Charles Wayne ROBERTS *v.* James Kenneth SWIM

CA 79-45                                    597 S.W. 2d 840

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Rehearing Denied April 30, 1980
Released for publication April 30, 1980

*Baim, Baim, Gunti, Mouser & Bryant,* by: *David K. Gunti,* for appellee.

*Eilbott, Smith, Eilbott & Humphries,* by: *Alan R. Humphries,* for appellee.

GEORGE HOWARD, JR. Judge. This is an appeal, by the natural father of the minor involved, from a probate court order approving the adoption petition of the appellee, the child's stepfather, without requiring the consent of the natural father. The trial court found that consent of the natural father was not required in view of the fact the natural father had for a period of at least one year, failed significantly without justifiable cause to communicate with the child or to provide for the care and support of the child as required by the final divorce decree involving the father and his former wife. *See: Revised Uniform Adoption Act,* Ark. Stat. Ann. § 56-201, *et seq.* (Repl. 1977 and Supp. 1979); *Brown* v. *Fleming,* 266 Ark. 814, 586 S.W. 2d 8 (Ark. App. 1979).

Section 56-206 provides:

"(a) Unless consent is not required under Section 7 [§ 56-207], a petition to adopt a minor may be granted *only if written consent* to a particular adoption has been executed by:

(1)the mother of the minor;" (Emphasis supplied)

It is settled law that statutory provisions involving the adoption of minors are strictly construed and applied. *Woodson* v. *Lee,* 221 Ark. 517, 254 S.W. 2d 326 (1953); *Norris* v. *Dunn,* 184 Ark. 511, 43 S.W. 2d 77 (1931); *Breithaupt* v. *Parker, Referee,* 213 Ark. 837, 213 S.W. 2d 382 (1948). *See also: Nelson, et al* v. *Shelly, et al,* 268 Ark. 760, 600 S.W. 2d 411

(Ark. App. 1980).

The mother did not join in the adoption petition with appellee for the adoption of his stepchild; nor is there a written consent in the record by the mother registering her approval of the adoption. Moreover, the trial court's adoption order nor the oral findings announced from the bench make any reference to the mother as having indicated her approval of the adoption. While the mother testified during the adoption proceedings, she never registered her consent.

It is plain the trial court was without jurisdiction to proceed in this matter without the mother's consent.

While we reverse the trial court on the ground that the mother of the minor did not execute a written consent, we make the following observation.

In *Harper v. Caskin*, 265 Ark. 558, 580 S.W. 2d 176 (1979), the Supreme Court in articulating the heavy burden cast upon one wishing to adopt a child against the consent of a parent quoted from 2 Am. Jur. 2 *Adoption* § 60:

> " ' . . . In order to grant an order or decree of adoption in opposition to the wishes and against the consent of the natural parent, the conditions prescribed by statute which make that consent unnecessary must be clearly proven and the statute construed in support of the right of the natural parent. Natural rights of parents should not be passed over lightly, even though the court is given power to enter decree of adoption without the consent of the parent or guardian when the judge considers that the best interests of the child will be promoted. The law is solicitous toward maintaining the integrity of the natural relation of parent and child, and where the absolute severance of the relation is sought without the consent and against the protest of the parent, the inclination of the courts is in favor of maintaining the natural relation.' "

The learned trial judge, in rendering his oral opinion, at the close of the case, registered some concern about

appellant's claim of not being able to visit with his child and his ability to contribute to the child's support, but found that appellant had forfeited his right to consent to the adoption.

We believe that the conduct of a parent who has failed significantly without justifiable cause to communicate with his child or to provide for the care and support of his child as required by law or judicial decree, must be willful in the sense of being voluntary and intentional. It must appear that the parent acted arbitrarily and without just cause or adequate excuse. *Pender* v. *McKee,* 266 Ark. 18.

A trial court may find the resumption of payment of support just prior to or after the commencement of the adoption proceedings, while such resumption is not of itself sufficient as a matter law to preclude the operation of the statute, relevant in considering whether the parent's conduct was willful or arbitrary.

Reversed.