Gary Kenneth HENSON *v.* William L. MONEY
and Betty Sue MONEY

CA 80-359                                              613 S.W. 2d 123

Court of Appeals of Arkansas
Opinion delivered March 25, 1981

*Barron, Coleman & Barket*, for appellant.

*L. David Stubbs*, for appellees.

DONALD L. CORBIN, Judge. This is an appeal in an adoption case from the probate court of Desha County. The appellant, Gary Kenneth Henson, is the natural father of Gary Kenneth Henson, II, the minor adoptive child. The appellees are the former Mrs. Henson (Betty Sue Money) and her present husband, Dr. William L. Money. The court in its final order of adoption ruled that pursuant to Ark. Stat. Ann. § 56-207 (a)(2)(Supp. 1979) appellant for a period of at least one year had failed to significantly, without justifiable cause, provide for the care and support of the minor child as required by the terms of an Oklahoma divorce decree dated July 28, 1972; and that the consent of the appellant as father of the minor child was not required in the adoption proceedings.

Appellant raises one point on appeal:

THE COURT ERRED IN GRANTING THE PETITION FOR ADOPTION BECAUSE THE APPELLEES DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APELLANT FAILED SIGNIFICANTLY TO SUPPORT OR COMMUNICATE WITH THE MINOR CHILD WITHOUT JUSTIFIABLE CAUSE FOR A PERIOD OF MORE THAN ONE YEAR.

The statute that is the basis for this action is:

Ark. Stat. Ann. § 56-207(a) (2) (Supp. 1979). Persons as to whom consent and notice not required. — (a) Consent to adoption is not required of:

. . . .

(2) a parent of a child in the custody of another, if

the parent for a period of at least one [1] year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree.

A recent line of cases interprets this provision of the revised Uniform Adoption Act of Arkansas. In *Harper* v. *Caskin*, 265 Ark. 558, 580 S.W. 2d 176 (1979), the Court required that a party seeking to adopt a child without the consent of a natural parent bears the heavy burden of proving by clear and convincing evidence that the parent has failed significantly and without justifiable cause to communicate with the child or to provide for the care and support of the child as required by law or judicial decree. The clear and convincing standard was reaffirmed in *Pender* v. *McKee*, 266 Ark. 18, 582 S.W. 2d 929 (1979). This case further interprets the statute to hold:

> The question was whether the father has "failed significantly" for a period of one year to support his child "without justifiable cause." "Failed significantly" certainly does not mean "failed totally." It only means that the failure to support must be significant, as contrasted with an insignificant failure. It denotes a failure that is meaningful or important.

Here, the court found there was sufficient evidence to support its findings that appellant had failed significantly to support his son. There was no evidence to show that the appellees' conduct precluded appellant from making his support payments directly to the Oklahoma court clerk pursuant to the provisions of the Oklahoma divorce decree. In fact, appellant admitted to a substantial income and that he voluntarily chose not to pay the support "out of spite" to his former wife, one of the appellees herein. The trial court found this refusal to pay support to be an arbitrary act without just cause or adequate excuse. See *Roberts* v. *Swim*, 268 Ark. 917, 597 S.W. 2d 840 (Ark. App. 1980).

Rule 52(a) of the Arkansas Rules of Civil Procedure provides that the findings of fact by a trial judge shall not be

set aside unless clearly erroneous (clearly against the preponderance of the evidence). We find no error by the trial judge. The sporadic payments by the appellant father and his avowed reason of spite in not paying child support for a 51-week period, when financially capable of doing so, places this case squarely within the four corners of *Pender* v. *McKee, supra.* The test of the statute was met if the child's father failed, in a meaningful or important aspect, to support him, without justifiable cause, for any consecutive period constituting a total of one year between the time of the divorce decree on July 28, 1972, and the time of the filing of the petition for adoption on the 9th day of April, 1979. Delinquency in support is not an ambulatory thing which can be recalled, cancelled out or nullified merely by a change of the father's mind or desire. *Pender* v. *McKee; supra.* Resumption of payment of support for a brief period, particularly after commencement of the adoption proceeding or just prior thereto, is not sufficient to bar an adoption without the consent of the delinquent father by starting a new one-year period of non-support under the statute. *Pender* v. *McKee, supra.*

The probate judge correctly held that the consent of this father was not required.

Affirmed.

GLAZE, CLONINGER and COOPER, JJ., dissent.

TOM GLAZE, Judge, dissenting. I must respectfully dissent. The trial court based its decision in this cause on our Supreme Court's holding in *Pender* v. *McKee*, 266 Ark. 18, 582 S.W. 2d 929 (1979). Although the decision is instructive regarding certain aspects of the case at bar, it is in no way controlling. I do believe that the trial judge was correct in relying on *Pender* in his finding that the appellant had failed to significantly support the parties' minor child for a period of one year. However, I believe that he has misread the *Pender* decision when deciding that appellant failed to pay· the court ordered child support without justifiable cause. In his findings, the trial judge found that the appellant testified that the reason he did not pay child support was

that visitation was made so difficult that, to him, visitation appeared to be contingent upon payment. At this point in his findings, the trial judge indicated that he did not feel that this was any justification for nonpayment of support because of the *Pender* decision. I strongly disagree with this interpretation of the decision in *Pender*. Some confusion may have arisen because of a statement by the court in *Pender* to the effect that a father's duty to support his child cannot be excused on the basis of the conduct of others, unless that conduct prevents him from performing his duty. In support of this statement, the court in *Pender* cites four of its decisions, all of which arise out of divorce and support actions initiated in chancery court proceedings.

It is true that ordinarily the chancery court has no power to remit accumulated court ordered support payments. *Kirkland* v. *Wright*, 247 Ark. 794, 448 S.W. 2d 19 (1969). There are, however, circumstances in which the court *is* justified in withholding judgment for unpaid child support installments such as when the mother, having custody, deprives the father of temporary custody or visitation rights by failing to comply with the terms of a valid decree governing those rights. In such cases, the chancery court is not required to give judgment for arrearages accruing during the time the mother's actions have defeated the father's visitation rights. *Bethell* v. *Bethell*, 268 Ark. 409, 597 S.W. 2d 576 (1980); *Holley* v. *Holley*, 264 Ark. 35, 568 S.W. 2d 487 (1978); *Sharum* v. *Dodson*, 264 Ark. 57, 568 S.W. 2d 503 (1968); *Massey* v. *James*, 251 Ark. 217, 471 S.W. 2d 770 (1971); and *Antonacci* v. *Antonacci*, 222 Ark. 881, 263 S.W. 2d 484 (1954). The facts in the *Massey* and *Antonacci* cases are similar. In *Massey*, the parties agreed that the mother would have custody of the parties' son for nine months and that the father would have custody during the three summer months. The agreement also required the father to make child support payments of $60 per month during the periods that the son was with the mother. When the divorce decree was entered, the father was living in Arkansas and the mother was living in California with the child. The decree provided that the father would bear the expense of bringing the child to Arkansas for the summer and returning the child in the fall. Sometime after the divorce, the father, who had remar-

ried, drove to California to pick up his son for the return trip to Arkansas. The mother interposed various obstacles to the change of custody and trip to Arkansas. The court did not require Massey to pay the child support for the summer months and, in so holding, stressed the fact that there was no indication that the son would suffer if the payments were not made.

In the instant case, the parties were divorced in Oklahoma, she was awarded custody and support and later moved to Arkansas. Approximately two years later, she married Dr. Money. At this time, the appellee, now Mrs. Money, informed the appellant that Dr. Money desired to adopt the parties' son, Gary. The appellant refused. Irrespective of appellant's refusal, Dr. and Mrs. Money filed an action to adopt Gary. Appellant would not agree and the action was dropped by Dr. Money. This action is at least the third effort, legal or otherwise, that Dr. Money has pursued in an attempt to adopt Gary. Appellant has related that he has had difficulties in obtaining his visits with his son and testified that he was refused visitation if he failed to make a child support payment. Appellant testified at trial that he knew his son was being financially cared for and for a fifty-one week period he refused to send support because of spite due to the problems he encountered in trying to exercise visitation rights with his son. On the other hand, appellant did support his son over a nine year period except for the fifty-one week period previously mentioned. He admittedly was late in his payments from time to time, but Mrs. Money never attempted to seek enforcement of the child support during the fifty-one week period nor at any other time. Rather, she allowed the fifty-one week period to build up in child support arrears with the obvious purpose of filing the adoption proceedings which she has manifested an intent to consummate since her marriage to Dr. Money.

We review *de novo* the proceedings below and will affirm unless the decision is clearly erroneous according to Rule 52 of the *Arkansas Rules of Civil Procedure*. From the record, I believe that the appellant was justified to withhold child support under the circumstances described by the evidence below, which is a legal consideration that the trial

judge failed to apply. The evidence clearly reflects that appellant encountered visitation problems because of difficulties existing between appellant, Dr. and Mrs. Money. Our courts would not, nor would I, allow a father to avoid his duty to pay child support when he is so obligated. Neither should the mother be permitted to in any way withhold or make difficult the visitation privileges to which a father is entitled. Only when a mother has withheld or made difficult the visitation rights have our courts justified the nonpayment of child support. The facts at bar justified, under our case authority, the appellant to withhold support, and I would, therefore, deny the adoption. Therefore, I would reverse and remand with directions to vacate the trial court's decree of adoption.

I am authorized to state that Cooper and Cloninger, JJ., join in this dissent.