Anne Seamans GOOCH *v.* Billy Ray SEAMANS

CA 82-151                                    639 S.W.2d 541

Court of Appeals of Arkansas
Opinion delivered October 6, 1982

*Wilson, Grider & Castleman,* by: *Murrey L. Grider,* for appellant.

*Burris & Berry,* for appellee.

TOM GLAZE, Judge. This case involves a petition to modify a decree of divorce wherein appellant requested permission to remove the parties' children from Arkansas to Oklahoma. The trial court denied appellant's petition, and she filed this appeal. We reverse.

In *Ising* v. *Ward,* 231 Ark. 767, 332 S.W.2d 495 (1960), the Supreme Court announced the general rule that the parent having custody of a child is ordinarily entitled to move to another state and to take the child to the new domicile. (*See also, Antonacci* v. *Antonacci,* 222 Ark. 881, 263 S.W.2d 484 [1954], in which the court permitted the mother to take the parties' child from Arkansas to California).

Here, the parties were divorced in 1978, and appellant was awarded custody of their two children, ages eight and ten years. Appellant has since remarried, and her husband is employed and resides in Elk City, Oklahoma. Appellant brought this action to obtain permission of the court to move to Oklahoma with the children. Both children expressed a willingness to go. In fact, appellant told the children that if they did not like it in Oklahoma, they could return and live with their father. Except for the visitation

difficulties which are created by the move to Oklahoma, we find nothing in the record which supports the trial court's denial of appellant's removing the children from the state. Concerning any visitation problems attendant to the move, appellant informed the court that she would cooperate in working out reasonable visitation arrangements so the children can see their father. Therefore, we reverse and remand this cause to the trial court to grant appellant's petition to remove the children to Oklahoma and to establish reasonable visitation privileges for the appellee.

We find no merit in appellee's contention that the trial court's action concerning appellant's petition was premature since his counterclaim seeking custody was pending and undecided. Although the best interests of the children and judicial economy may be served by considering all custody and visitation issues at the same time, there are often reasons why the court may find it impossible to do so. We find nothing in the record which reflects the court abused its discretion in acting on appellant's petition and delaying action on appellee's counterclaim for custody.

Reversed and remanded.