Cite as 2026 Ark. App. 300

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
**No.** CV-25-240

| | |
|---|---|
| GLENNON BOBO<br><br>APPELLANT<br><br>V.<br><br>ANNE-MARIE BURKHAMMER AND TAYLOR BURKHAMMER<br><br>APPELLEES | **Opinion Delivered** May 13, 2026<br><br>APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT<br>[NO. 41PR-23-77]<br><br>HONORABLE BRYAN CHESSHIR, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Glennon Bobo appeals the circuit court's determination that his consent was not required for his two children (MC1 and MC2) to be adopted by Taylor Burkhammer, the children's stepfather. He argues that the circuit court erred in entering the adoption order without the written, executed consent of the mother, Anne-Marie Burkhammer, appearing in the record and that the absence of that consent deprived the circuit court of subject-matter jurisdiction and rendered the adoption order invalid. We affirm.

On 4 December 2023, Taylor and Anne-Marie filed a petition for adoption requesting that Taylor be allowed to adopt MC1 and MC2. They asserted that Glennon's consent was not required because he had failed significantly without justifiable cause to communicate or to provide care and support for the children for a period of more than one year. Glennon moved to dismiss the petition for failure to state a claim on which relief may be granted; he argued that because child support had never been required by law or judicial

decree, he had not failed to provide support as required by law or judicial decree. Glennon also filed a separate proceeding to establish joint custody and child support.

The court ordered that the two cases be consolidated and convened a hearing on 17 December 2024. At the hearing, Anne-Marie testified that she consented to Taylor adopting the children. In its written order, the circuit court found that Glennon's consent to the adoption of the children was not required because for a period of at least one year, he had failed significantly without justifiable cause to communicate with the children or provide for their care and support. The court also found that Anne-Marie had consented to the adoption. Glennon timely appealed. Specific facts related to the points on appeal will be discussed below.

We review adoption proceedings de novo, and a circuit court's decision will not be set aside unless clearly erroneous. *In re Adoption of A.M.P.*, 2021 Ark. 125, 623 S.W.3d 571. A finding is clearly erroneous when, despite evidence to support it, we are left with the firm conviction that a mistake has been made. *Id*. We defer to the circuit court's superior vantage point on matters of witness credibility, and personal observations of the court are given great weight in cases involving the welfare of young children. *Id*.

Glennon does not challenge the circuit court's finding that he failed significantly without justifiable cause to communicate with the children or provide for their care and support for a period of at least one year. Instead, Glennon argues that Anne-Marie failed to file a written, executed consent to the adoption, and therefore the circuit court lacked subject-matter jurisdiction, the adoption is not valid, and the adoption petition should be dismissed.

2

## I. *Jurisdiction*

Arkansas Code Annotated section 9-9-206(a)(1) and (2) (Supp. 2025) provides that unless consent is not required under section 9-9-207, a petition to adopt a minor may be granted only if written consent to a particular adoption has been executed by both the mother and father of the minor. Glennon contends that in this case, failure to comply with the adoption code's consent requirements, which includes written consent from the mother, deprived the circuit court of subject-matter jurisdiction.[1] He denies that the adoption petition—which is unsigned by Anne-Marie and does not expressly grant her consent—or Anne-Marie's oral statement at the hearing can substitute for statutorily required written, executed consent.

Glennon asserts, "Failure to comply with adoption consent requirements deprives trial courts of jurisdiction" and cites several cases in support. In *Swaffer v. Swaffer*, 309 Ark. 73, 80, 827 S.W.2d 140, 144 (1992), the law in effect at the time required the consent of the fifteen-year-old child to be adopted; with no proof of that consent in the record, the Arkansas Supreme Court held that adoption statutes must be strictly construed, and "unless all jurisdictional requirements appear in the record, the resulting decree will be void upon collateral attack." *Id*. at 78–79, 827 S.W.2d at 143–44.

Also, in *Roberts v. Swim*, 268 Ark. 917, 597 S.W.2d 840 (Ark. App. 1980), the natural father appealed from an order approving the adoption petition of the child's stepfather without requiring the consent of the natural father. This court held that where mother did

---

[1]This is actually Glennon's second point on appeal; however, because it potentially implicates the circuit court's jurisdiction and, thus, our appellate jurisdiction, we address it first.

not join in the adoption petition, nor was there written or oral consent in the record by the mother registering her approval of the adoption, the circuit court was without jurisdiction to proceed in the matter. *See also Norris v. Dunn*, 184 Ark. 511, 43 S.W.2d 77, 81 (1931) (guardian of child, whose parents are deceased, was not lawfully authorized to give consent to adoption by stepfather, and "until consent is obtained or personal or constructive service of the adoption proceedings is had or waived by a personal appearance, the court is without power to make any order for the disposition of the child"); *Willis v. Bell*, 86 Ark. 473, 111 S.W. 808 (1908) (jurisdiction of the court depends upon the express consent of both living parents of the child unless their residence be shown to be unknown, and there must be substantial compliance in all their essential requirements with statutes authorizing the adoption of children in order to effect an adoption thereunder).

Glennon also cites *Poe v. Case*, 263 Ark. 488, 565 S.W.2d 612 (1978), as analogous to the case at bar. In *Poe*, the paternal biological grandmother of an adopted child instituted a contempt proceeding to enforce visitation rights granted to her in the adoption decree granting adoption by the child's stepfather. The probate court denied the motion of the adoptive parents to vacate the visitation provisions of the decree, but the supreme court held that the probate court's authority and jurisdiction are governed strictly by statute, and the court has no authority to include a grant of visitation rights to members of a natural parent's family.

Glennon argues that, similarly, the adoption statutes prohibit the circuit court's issuance of the adoption order without Anne-Marie's written, executed consent, and the circuit court acted without subject-matter jurisdiction when it acted in excess of its statutory

authority. And because the circuit court lacked subject-matter jurisdiction, the adoption order is void, and his parental rights have not been terminated.

The Burkhammers respond that the circuit court was not deprived of jurisdiction because evidence of Anne-Marie's consent to the adoption appeared on the record. They note that a petition for adoption is valid where there is substantial compliance with the statutory requirements. *Reid v. Frazee*, 72 Ark. App. 474, 41 S.W.3d 397 (2001). In *Reid*, the natural father argued that Ark. Code Ann. § 9-9-210(a) had not been strictly complied with because the stepfather had failed to sign and verify the petition for adoption. While acknowledging that the consent and knowledge of the adoptive parent must not be presumed, this court held that the record provided ample evidence of the stepfather's knowledge and consent. The stepfather appeared before the court and under oath verified the allegations in the petition, and he also presented additional testimony about himself, his concern for the child's welfare, and his commitment to providing for the child financially and emotionally. Given this evidence before the court, the appellate court held that the lower court did not abuse its discretion in finding statutory requirements had been satisfied.

They also cite *Lagios v. Goldman*, 2016 Ark. 59, 483 S.W.3d 810, which confirmed that an adoption petition is not fatally defective for failure to include all the information required by section 9-9-210. The supreme court explained,

> It is true that this court has held that adoption statutes are to be strictly construed and applied because they are in derogation of the common law. *See, e.g.*, *Swaffar v. Swaffar*, 309 Ark. 73, 827 S.W.2d 140 (1992). However, we have simultaneously held that an adoption decree is void unless all "jurisdictional" requirements "appear in the record." *Id.* at 79, 827 S.W.2d at 144; *see also Minetree v. Minetree*, 181 Ark. 111, 26 S.W.2d 101 (1930). We have limited our strict-compliance standard to those statutory requirements that are jurisdictional in nature—specifically and primarily, those having to do

5

with consent. *See Martin v. Martin*, 316 Ark. 765, 875 S.W.2d 819 (1994); *Swaffar*, 309 Ark. 73, 827 S.W.2d 140; *In re Adoption of Parsons*, 302 Ark. 427, 791 S.W.2d 681 (1990); *In re Adoption of Glover*, 288 Ark. 59, 702 S.W.2d 12 (1986). In addition, we have held that statutory requirements—even jurisdictional ones—are satisfied when the necessary evidence is made part of the record "before the adoption decree [is] entered." *Martin*, 316 Ark. at 770, 875 S.W.2d at 821.

*Id.* at 7–8, 483 S.W.3d at 816.

The Burkhammers contend that while *Reid* discussed the consent and knowledge of the adoptive parent, the same logic should apply to the natural parent. Here, Anne-Marie appeared in court and testified under oath that she consented to the adoption, and further, she was a party to the action. As such, sufficient evidence of her consent to adoption appeared on the record at the hearing before the adoption decree was entered, and the circuit court was not deprived of subject-matter jurisdiction.

We recognize the caselaw stating that strict compliance with the statute providing for a consent to adoption is required. *See Thompson v. Brunck*, 2018 Ark. App. 198, 545 S.W.3d 830 (citing *Roberts*, *supra*). But like the supreme court in *Lagios*, we also see that the caselaw has taken a "whole record" approach to consent and has held that an adoption decree is valid if all jurisdictional requirements appear in the record. *See Lagios*, *supra*. In *Roberts*, this court found that the circuit court did not have jurisdiction to proceed without the mother's written consent because there was no indication of the mother's consent in the record—she did not join the adoption petition, she did not testify that she consented to the adoption, and the circuit court made no finding that she had consented to the adoption. That is a very different situation than this case. Here, Anne-Marie is identified as one of the petitioners in the adoption petition; Anne-Marie testified that she consented to the

6

adoption; and the adoption order specifically found that she consented to the adoption. We hold that sufficient evidence of Anne–Marie's consent is present in the record and that the circuit court was consequently not deprived of subject-matter jurisdiction to enter the adoption order.

Glennon's second argument is essentially that the adoption order is not valid because Anne–Marie's written consent is not in the record. For the same reasons we hold that the circuit court had subject-matter jurisdiction, we also hold that the adoption order is valid.

Affirmed.

ABRAMSON, VIRDEN, TUCKER, BARRETT, and MURPHY, JJ., agree.

*D. Franklin Arey III*, for appellant.

*Langdon*✫*Davis, L.L.P.*, by: *Brent M. Langdon* and *Colton R. Langford*, for appellees.